UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENJAMIN JOHN BIESE,

      Plaintiff,

v.                                       Case No. 17-C-238

CAPTAIN STEVENS,
CASSANDRA BAIER,
KATHY LEMONS, and
JAY VAN LANEN,

      Defendants.

## SCREENING ORDER

      Plaintiff Benjamin Biese, who is incarcerated at the Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court for screening Plaintiff's complaint and on his motions to proceed *in forma pauperis* and to access the courts, court documents, and the law library.

**A. Motion to Proceed *In Forma Pauperis***

      The plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2) and has been assessed an initial partial filing fee of $2.41. However, Plaintiff lacks the funds to pay the partial filing fee. Therefore, the court waives the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

**B. Screening of the Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim

2

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff claims that after he was allegedly sexually assaulted by the GBCI security director, he reported the incident and requested medical treatment. He asserts that Captain Stevens, the GBCI Prison Rape Elimination Act (PREA) Investigator failed to contact the office of special operations for the Department of Corrections investigation and law enforcement. He also claims that

3

he asked Defendants Stevens and Van Lanen to call for medical assistance but they denied his requests.

Plaintiff's allegations that Stevens failed to follow the requirements set forth in the PREA are not actionable because nothing in the PREA suggests that it was intended to create a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002) ("where the text and structure of a statute provides no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action"). Plaintiff's allegations do state an Eighth Amendment claim for deliberate indifference against Defendants Stevens and Van Lanen. However, the complaint fails to allege sufficient direct involvement of Defendants Baier and Lemons and therefore fails to state a claim against them.

**C. Motion for Access**

Plaintiff also moves for access to the court, court documents, and the law library. He asserts that after making threats in February 2017, he was placed in "ultra-secure detention." As a result, he has been restricted from accessing any court, court documents, and the law library and only allowed to send one letter in the last forty-five days. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries . . . ." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The Seventh Circuit has clarified that "the mere denial of access to a prison library or other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendant's conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed."

4

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original) (citing *Lewis v. Casey*, 518 U.S. 343, 351, 355 (1996)).

Here, Plaintiff has not demonstrated that the limitations imposed by his detention have hindered his efforts to pursue his claim. He has neither indicated how he has been denied access to the courts nor identified the court documents he has been unable to access. Moreover, prisoners' access to law libraries is not absolute and may be restricted due to security concerns. *Campbell v. Miller*, 787 F.2d 217, 226–27 (7th Cir. 1986), *cert denied*, 479 U.S. 1019 (1986). In short, Plaintiff has not shown a need for access. Therefore, his motion is denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for an extension of time to pay the initial partial filing fee (ECF No. 8) is **DENIED** as moot.

**IT IS ALSO ORDERED** that the plaintiff's motion for access to courts, court documents, and law library (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent to the Wisconsin Department of Justice for service.

**IT IS ALSO ORDERED** that Defendants Stevens and Van Lanen shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that Defendants Baier and Lemons are **dismissed**.

**IT IS ALSO ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments

from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS ALSO ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of these institutions, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> Jefferson Court Building
> 125 S. Jefferson St., Rm. 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

6

In addition, the parties must notify the Clerk of Court of any changes of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**SO ORDERED** this   21st   day of April, 2017.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court